UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JAMES OBERST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:04-CV-452-TS |
| | ) | |
| JOHN VANNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

*Pro se* Petitioner, James Oberst, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana, was charged with being a habitual offender. After exhausting his administrative remedies, Oberst petitioned for relief under 28 U.S.C. § 2254. The Response filed on behalf of the Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through I, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The Petitioner did not file a traverse.

**RELEVANT FACTS**

On July 14, 2004, Officer K. Hall prepared a conduct report charging Oberst with being a habitual conduct rule violator, a Class A offense. (Ex. A.) On July 14, 2004, Oberst was notified of the charges against him. (Ex. B.) At the screening, Oberst did not request a lay advocate, but requested three witnesses and the conduct reports of other inmates as physical evidence.

The CAB hearing was held on July 20, 2004. At the hearing, Oberst admitting to being found guilty of all five underlying charges. The CAB found Oberst guilty of being a habitual conduct rule violator. (Ex. D.) Oberst's finding of guilt was based on the staff reports, Oberst's statement, and the conduct summary. The sanction imposed was a 90-day earned credit time loss. The finding of guilt and the sanction were upheld by the facility head and final reviewing authority.

**STANDARD OF REVIEW**

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Oberst be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.*, and the decision must be supported by "some evidence" in the record, *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). The "some evidence" standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence." *Webb*, 224 F.3d at 652. Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id. (*citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* (citing *Hill*, 472 U.S. at 455–56).

## DISCUSSION

Oberst claims that the State violated his constitutional rights in four ways: (1) the conduct report was not timely filed according to the Adult Disciplinary Procedures (ADP); (2) he was not advised of his rights; (3) he was denied relevant physical evidence; and (4) he was denied the right to call witnesses.

### A. Violation of the Adult Disciplinary Procedures

Oberst's first claim is that the conduct report was screened outside of the time allowed under the ADP. Relief under § 2254 is only available from violations of the federal constitution or laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). State law questions under Indiana Department of Corrections policy do not state a claim for habeas relief and must be denied. *Hester v. McBride*, 966 F. Supp. 765, 774–75 (N.D. Ind. 1997). Oberst's claim that time limits set forth in the ADP were violated fails to allege a violation of federal law and must be dismissed.

### B. Advice of Rights

Oberst's second claim is that he was not advised of his rights. To the extent that he is challenging the process he is due under *Wolff v. McDonnell*, his petition is without merit. Oberst received all of the due process right to which he was entitled when he was given notice of the charges, provided an opportunity to call witnesses and have evidence, received a written statement by the fact finder, had an impartial hearing board, and was found guilty by sufficient evidence, here at least four unrelated conduct reports in six months. Moreover, the Notice of Disciplinary Hearing, signed by Oberst, lists the rights applicable to a CAB hearing.

To the extent that he is challenging an internal institutional policy, again, relief in this action is only available from violations of the federal constitution or laws, not violations of Indiana Department of Corrections policy. *Estelle*, 502 U.S. at 68; *Hester v. McBride*, 966 F. Supp. at 774–75. Oberst's claim that he was not advised of his rights does not state a claim for relief under § 2254.

**C. Denial of Evidence**

Oberst alleges that he was denied requested physical evidence at or prior to the hearing. In *Piggie v. Cotton*, 344 F.3d 674, 677–78 (7th Cir.2003) the court stated, ". . . the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring the disclosure of material, exculpatory evidence, applies to prison disciplinary proceedings." *See also Chavis v. Rowe*, 643 F.2d 1281, 1285–86 (7th Cir. 1981). There are two functions of *Brady* in the prison disciplinary context. The first is to ensure that the disciplinary board considers all relevant evidence. The second is to enable the prisoner to present his best defense. *Piggie*, 344 F.3d at 678.

In this case, Oberst only says that he was denied evidence, but does not explain if it was

exculpatory or how the denial affected the outcome of the hearing. On the Notice of Disciplinary Hearing, Oberst requested physical evidence in the form of copies of conduct reports for other offenders. (Ex. B.) However, at the hearing, the CAB determined that the physical evidence was not relevant because Oberst admitted that he had been found guilty of all the charges used to charge him as a habitual offender. (Ex. D.) Here, the CAB considered all relevant evidence and there is no evidence that Oberst was not able to present his best defense.

### D. Witness Testimony

Oberst alleges he was denied the right to call witnesses at his hearing. Prisoner's have the right to call witnesses to testify on their behalf at CAB hearings when consistent with institutional safety and correctional goals. *Henderson* v. *U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). However, that right is not an unlimited right. *See Sweeney v. Parke*, 113 F.3d 717, 719 (7th Cir. 1997). Prison officials have discretion to determine whether to have the witnesses present or to allow them to submit a written statement. *Hoskins v. McBride*, 202 F. Supp. 2d 839, 844 (N.D. Ind. 2002) There is no right to confront witnesses at a CAB hearing. *Wolff*, 418 U.S. at 567–68.

In this case, Oberst requested two inmate witnesses and a correctional officer testify at his hearing. The CAB noted on the Report of Disciplinary Hearing that the witnesses were not called because their testimony would be irrelevant. (Ex. D.) The Supreme Court has cited irrelevance as a legitimate reason for a prison committee to refuse to call a witness. *Wolff*, 418 U.S. at 566; *see also Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (noting that "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary")(citing *Montgomery v. Anderson*, 262 F.3d 641, 642 (7th Cir.2001) and *Forbes v. Trigg*, 976 F.2d 308,

317–18 (7th Cir.1992)). In this case, Oberst's due process rights were not violated by the CAB's denial of these witnesses because the testimony was irrelevant and unnecessary once Oberst admitted that he had been found guilty of all the charges preceding his habitual offender charge.

## CONCLUSION

For all the reasons stated, and because none of Oberst's constitutional rights have been violated, this petition for relief under 28 U.S.C. § 2254 is **DENIED.**

SO ORDERED on September 19, 2005.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT